UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> vs.<br><br>KENNETH N. JOHNSON; and TWILA M. JOHNON,<br><br>   Defendants. | NO. CV-04-0106-JLQ<br><br>ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is the United States of America's Motion for Summary Judgment. (Ct. Rec. 45). The Government is represented by Assistant United States Attorney **Frank A. Wilson**. Defendant Kenneth N. Johnson is represented by **Joseph R. Jackson.** Defendant Twila M. Johnson is not represented by counsel and has not made an appearance *pro se.*

This is an action brought by the United States of America, on behalf of the Farm Service Agency ("FSA"), to foreclose mortgages on Defendants' real property, to enforce its security interest as to the irrigation equipment appurtenant thereto, to recover interest from the date of judgment until paid in full, and to recover the costs of bringing suit as provided by 28 U.S.C. § 2412(a)(2). Plaintiff is not seeking a deficiency judgment against the Defendants. Recovery is limited to the proceeds from the sale of the mortgaged property. Plaintiff filed this summary judgment motion on January 5, 2007. (Ct. Rec. 45). Defendant Twila Johnson has not filed an answer in this action and neither Defendant has filed any opposition to Plaintiff's summary judgment motion. In addition to this motion, a motion for default is pending against the Defendants.

SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. United*

ORDER - 1

*States Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Rule 56(c) of the Federal Rules of Civil Procedure provides that the moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and the ultimate burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the nonmoving party has no evidence to prove his case and hence that there is no factual dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring).

Once the moving party has carried its burden, the nonmoving party must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1975). The nonmoving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading;" the nonmoving party must provide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial." *Schwarz v. United States*, 234 F.3d 428, 436 (2000) (citing Fed. R. Civ. P. 56(e)). Finally, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## FACTUAL BACKGROUND

As this is Plaintiff's motion, the evidence and inferences arising therefrom are viewed in the light most favorable to the Defendants. However, because the Defendants

ORDER - 2

did not file a response to Plaintiff's motion, the facts are not disputed.

On or about October 23, 1973, Price and Lenora Johnson, husband and wife, executed a real estate mortgage and promissory note in the amount of $37,100.00 and delivered each to the United States Department of Agriculture, Farm Service Agency, formerly known as the Farmers Home Administration. (Pltf. St. Fact 2; Pltf. Exh. A). The mortgage was recorded on October 26, 1973, under Auditor's File No. 170299, in the Official Records of Douglas County, Washington. (Pltf. St. Fact 2; Pltf. Exh. B).

Then, on September 10, 1980, Defendants Kenneth and Twila Johnson, husband and wife, executed an Assumption Agreement, thereby assuming the indebtedness of Price and Lenora Johnson. (Pltf. St. Fact 3; Pltf. Exh. C). Around the same time, Defendants Kenneth and Twila Johnson executed and delivered another separate promissory note to Plaintiff in the amount of $95,100.00, (Pltf. St. Fact 5; Pltf. Exh. E-1), and for the purpose of securing the payment of the promissory note, Defendants executed and delivered another real estate mortgage. (Pltf. St. Fact 6; Pltf. Exh. F). The mortgage was recorded on September 11, 1980, under Auditor's File No. 207628, and rerecorded on December 9, 1981, under Auditor's File No. 213367, in the Official Records of Douglas County, Washington. (Pltf. St. Fact 6).

Years later, the Defendants reamortized both mortgages by executing and delivering new promissory notes to the Plaintiff. First, on May 30, 1985, Defendants reamortized the September 10, 1980 promissory note in the amount of $97,892.62. (Pltf. St. Fact 5; Pltf. Exh. E-2). Then, on or about June 21, 1990, Defendants reamortized the October 23, 1973 promissory note for $31,279.96, plus $697.47 in non-capitalized interest. (Pltf. St. Fact 4; Pltf. Exh. D).

The mortgages contain a security agreement covering the following irrigation equipment:

- 600' of 3" steel pipe
- 850' of 4" steel pipe
- 305' of 3" steel pipe
- 850' of 3" PVC pipe
- 4000' of 2" PVC pipe

ORDER - 3

- 2000' of 1-1/5" PVC pipe
- 2000' of 2" PVC pipe
- 5000' of 3/4" PVC pipe
- 1500' of 2" aluminum pipe, and
- 628 sprinkler heads and risers, complete with adapters, couplers, elbows, plugs, valves, fittings and connections, including but not limited to any replacements or additions to such systems

(Mykines Decl. ¶ 11; Pltf. Exh. B & F). According to Michael Mykines, a Farm Loan Specialist for the FSA, Plaintiff has acquired a perfected security interest this equipment. *Id.* Also, according to the Plaintiff both mortgages are still unsatisfied, Defendant Kenneth Johnson is delinquent in the payment of his taxes and indebtedness and is owing $97,531.97 in principal; $26,792.42 in interest accrued through December 6, 2006; and interest accruing thereafter at a rate of $13.893 per day. (Pltf. St. Fact 2 & 6; Mykines Decl. ¶¶ 9-10).

Defendants Kenneth and Twila Johnson were divorced on September 23, 2003. (Pltf. St. Fact 7). On or about February 25, 2004, Plaintiff released Defendant Twila Johnson from personal liability on the Assumption Agreement and promissory notes and "seeks solely to foreclose her interest in the subject real property security." (Pltf. St. Fact 7; Pltf. Exh. H) Defendant Twila Johnson claims a $5,200 lien in a Decree of Dissolution entered September 23, 2003, under Recording No. 03-9-00366-5, in the Official Records of Douglas County, Washington. There are no other actions pending to collect on the notes or to foreclose on the mortgages and security agreements. (Pltf. St. Fact 13).

## DISCUSSION

In an action for foreclosure involving multiple mortgages, it is sufficient to make a prima facie case in the favor of mortgages that appear to be senior on the record by: (1) showing that the mortgages were given for money loaned, (2) introducing the notes and mortgages, (3) proving recording of the mortgages, and (4) proving nonpayment. *Watson v. Barnard*, 105 Wash. 536, 542 (1919) (overruled on other grounds by *Rockwell v. Thompson*, 105 Wash. 536 (1923)). Also, in the State of Washington, "[g]enerally

ORDER - 4

speaking, a mortgage, as soon as it is recorded, acquires priority which cannot be affected by any subsequent conveyance or incumbrance of the mortgaged property." *Berger v. Baist*, 165 Wash. 590, 594 (1931); *see also United State v. Kimbell Foods, Inc.*, 440 U.S. 715, 718 (1979) (adopting state law as the appropriate federal rule for establishing the relative priority of competing federal and private liens).

It is undisputed that the Defendants executed and delivered to Plaintiff the assumption agreement, promissory notes and corresponding mortgages, agreed to pay principal and interest to Plaintiff pursuant to the terms contained therein, and the mortgages were recorded. *See* Answer ¶¶ 2-9. The Government has submitted copies of the assumption agreement, promissory notes, and mortgages. (Pltf. Exh. A-F). The mortgages required the Defendants to "pay promptly when due any indebtedness to the Government" and to "pay when due all taxes . . . assessed against the property . . ." (Pltf. Exh. B ¶¶ 1 & 7, Exh. F ¶¶ 1 & 7). The notes contain a "default clause" that authorizes the Government to "declare all of any part of any such indebtedness immediately due and payable" in the event the Defendants failed to make the scheduled payments. (Pltf. Exh. A, D, E-1, E-2). The mortgages contain a similar acceleration clause and also authorize foreclosure in the event of default. (Pltf. Exh. B ¶ 17, Exh. F ¶ 17).

Through Michael Mykines' declaration, the Government also established that Defendants defaulted on their loan obligations by failing to stay current on their loan payments and failing to pay their real estate taxes. (Mykines Decl. ¶ 9). Then due to the default, on November 15, 2002, "[i]n accordance with the provision of the promissory notes, assumption agreement, reamortized notes and mortgages . . . and after taking all actions required under applicable regulations, Plaintiff declared the full amount of the indebtedness of Defendants Kenneth N. Johnson and Twila Johnson to be immediately due and payable . . ." and notified the Defendants of the acceleration of their debt via certified mail. (Mykines Decl. ¶ 9; Pltf. Exh. H & I). As of December 6, 2006, the amount due is $95,531.97 in principal, $26,792.42 in interest, plus interest at a rate of

ORDER - 5

$13.8934 per day until the date of judgment. (Mykines Decl. ¶ 10).

Despite Defendant Kenneth Johnson's Answer denying such default, he has submitted no evidence in support of his denial and has provided no opposition to Plaintiff's motion for summary judgment, including any evidence in opposition to Mykines' declaration. Defendant Twila Johnson has neither provided an answer nor opposition to Plaintiff's motion for summary judgment. Defendants may not rest on the denial contained within Defendant Kenneth Johnson's Answer. Therefore, the Government has met its initial burden and Defendants have failed to overcome Plaintiff's presumptive right to foreclosure. Also, as Plaintiff's mortgages were recorded prior to Defendant Twila Johnson's $5,200 lien in a Decree of Dissolution entered September 23, 2003, Plaintiff's interests have priority. Based upon the facts established by the Government, along with the lack of any response from the Defendants, the United States is entitled to a judgment for foreclosure and the United States' motion for summary judgment is **GRANTED.** Counsel for the Government shall file an affidavit setting forth the amount of judgment to which it is entitled and the submit its requested Decree of Foreclosure.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order and furnish copies to counsel.

**DATED** this 27th day of February 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE